UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOE LEWIS FINLEY,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

No. 6:18-CV-331-REW

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* Petitioner Joe Finley—a federal inmate—seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Finley challenges his sentence's career offender enhancement. DE 1. The Court conducts an initial review under 28 U.S.C. § 2243. For the following reasons and under the applicable standards, the Court **DENIES** the petition.[1]

In May 2003, Finley pleaded guilty to possessing an aggravated quantity of cocaine base with distributive intent, in violation of 21 U.S.C. § 841(a)(1). *United States v. Finley*, No. 1:03-CR-18-C-1 (N.D. Tex. 2003) ("*Finley I*"), at ECF No. 18. In exchange for his plea, the Government

---

[1] *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates *pro se* petitions under a more lenient standard. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)). However, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001). And, "under § 2243 it is the duty of the court to screen out frivolous applications[.]" Advisory Committee Notes to Rule 4, Rules Governing § 2254 Cases; *see also Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact").

1

agreed to dismiss other indicted charges and to forbear filing a § 851 notice—which could have resulted in a mandatory life sentence. *Id.* at ECF No. 20. For his part, Finley agreed "not to contest his conviction, judgment, and/or sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." *Id.*

Finley's PSR reflects prior Texas convictions for delivery of a simulated controlled substance, burglary of a building, attempted murder, possession of cocaine, escape, and assault - family violence. *Finley v. United States*, No. 1:16-CV-145-C (N.D. Tex. 2016) ("*Finley II*"), ECF No. 19 at 7–9. The trial court concluded that at least two of these convictions—the available record does not disclose which—were for "crimes of violence" or "controlled substance offenses" under § 4B1.1(a) of the Sentencing Guidelines. *See, e.g.*, *id.* at 6, 9. Finley thus qualified as a career offender. In October 2003, the trial court sentenced Finley to 327 months of imprisonment, at the top end of the applicable Guidelines range. Finley did not appeal. *Finley I*, ECF Nos. 1, 20, 23, 27; *Finley II*, ECF No. 19.

Thirteen years after his conviction, on June 30, 2016, Finley filed his first motion pursuant to 28 U.S.C. § 2255, challenging the sentence. Finley asserted that: (1) as a factual matter, the trial court enhanced his sentence utilizing the Sentencing Guidelines' residual clause found in U.S.S.G. § 4B1.2(a)(2); and (2) as a legal matter, the Guidelines' residual clause—as applied to him under the pre-*Booker* mandatory guidelines regime—was void for vagueness under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).[2] Importantly, Finley also filed a claim, via amendment and a separate § 2255 motion, challenging (as here) the second career offender predicate. *Finley II*,

---

[2] In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the Guidelines' residual clause is not susceptible to a vagueness challenge. But that holding is limited to sentences imposed after *Booker* rendered the Guidelines advisory rather than mandatory, *id.* at 894, and thus is not necessarily determinative of Finley's vagueness challenge to his pre-*Booker* sentence. *Id.* at 903 n.4 (Ginsburg, J., concurring).

ECF No. 18 at 7 ("Ground Two"). The sentencing court consolidated the § 2255 motions, appointed Finley counsel, and addressed and resolved all claims, all as part of Finley's "first" § 2255 effort. *See id.* at ECF No. 21 at 1 ("This is Finley's first § 2255 motion.").

After appointing counsel, in July 2018, the trial court denied Finley's motion after finding it: (A) untimely under § 2255(f)(3), (B) barred by the collateral attack waiver in Finley's plea agreement, and (C) substantively meritless. *Finley v. United States*, No. 1:16-CV-145-C (N.D. Tex. 2016), at ECF Nos. 18, 19 & 21. Finley, assisted by counsel, moved the Fifth Circuit for a certificate of appealability. *Finley v. United States*, No. 18-11246 (5th Cir. January 14, 2019). As of this writing, the COA motion remains pending before the Fifth Circuit. *Id.*

Here, Finley contends that he was convicted of "delivery of a simulated controlled substance" pursuant to V.T.C.A. § 481.112(a), and that following the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), this offense no longer qualifies as a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b). DE 1-1 at 2–4. Perhaps so.[3] Nonetheless, the Court, upon thorough review and for the following reasons, finds that Finley is plainly not entitled to relief.

---

[3] The current record provides no support for Finley's claim that he was convicted under § 481.112(a). In all likelihood, he believes it to be so because after *Mathis* the Fifth Circuit has twice held that § 481.112(a) is too broad to qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b), finding it criminalizes a mere "offer to sell" drugs. *See United States v. Hinkle*, 832 F.3d 569, 575-76 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Given that Finley was convicted of delivering a *simulated* substance, he was likely convicted of violating V.T.C.A. § 482.002(a). Nonetheless, the definition of "deliver" found in V.T.C.A. § 482.001(2) contains the same "offer to sell" language found in V.T.C.A. § 481.002(8), which animated the holdings in *Hinkle* and *Tanksley*. Indeed, the Texas Court of Appeals has noted that the two statutes are construed *in pari materia* and that certain factual scenarios would support a conviction under either statute. *Whitfield v. State*, 916 S.W.2d 49 (Tex. App. 1 Dist. 1996). Finley's conviction for delivering a simulated controlled substance thus carries the same potential for overbreadth as a conviction for delivering the real thing.

First, in his plea agreement Finley knowingly and voluntarily waived the right to appeal or collaterally attack the conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, No. 18-6807, 2019 WL 1005877 (Mem), at *1 (Mar. 4, 2019). Finley bargained for and received a substantial reduction in the potential sentence he faced in exchange for, *inter alia*, his guilty plea and collateral attack waiver. The sentencing court already enforced the waiver to bar the claim Finley here presses. *See Finley II*, ECF Nos. 21 at 2 (incorporating, as dismissal bases, "each of the alternative reasons stated in the United States's well-drafted Response"), 19 at 9 (Government's third response argument: "Finley's motion is waived."). The waiver likewise applies here. *Moser v. Quintana*, No. CV 5:17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Solis-Caceres v. Sepanek*, No. 13-cv-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).[4]

Second, Finley's *Mathis* claim is not properly cognizable under § 2241. To challenge the legality of his federal conviction or sentence (rather than the manner of its implementation) a federal prisoner must generally file a motion under 28 U.S.C. § 2255 in the court that convicted

---

[4] The Court recognizes that the burden of raising an affirmative defense typically falls to a defendant. However, § 1915A mandates screening for, among other grounds, a complaint that "fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Thus, an affirmative defense may justify dismissal at screening if "the allegations in the complaint suffice to establish that ground[.]" *Jones v. Bock*, 127 S. Ct. 910, 921 (2007); *see id.* at 920–21 ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Here, Finley explicitly references his plea agreement waiver, DE 1-1 at 1, "and preemptively alleged" § 2241 exclusion "in order to defeat" the defense. *Marsh v. Genentech, Inc.*, 693 F.3d 546, 555 (6th Cir. 2012). However, Finley "anticipated the defense of [waiver] in a way that shows h[is] response to the defense lacks merit." *Id.* In short, Finley effectively pleaded himself out of court.

and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Further, § 2255's savings clause, invokable in cases where the § 2255 remedy is "inadequate and ineffective to test the legality of [ ] detention[,]" is not applicable simply because a prisoner failed to seek relief under § 2255, or because a prior § 2255 was denied, or because § 2255 relief is procedurally barred. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). That is Finley's situation. The Supreme Court issued its decision in *Mathis* on June 23, 2016, one week before Finley filed his initial motion for relief under 28 U.S.C. § 2255. In 2018, post-*Mathis*, Finley was twice allowed § 2255 amendments. *Finley v. United States*, No. 1: 16-CV-145-C (N.D. Tex. 2016), at ECF Nos. 1, 8, 18. "Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, . . . [Finley] has had multiple opportunities to challenge his conviction and sentence on his asserted grounds . . . in his [ ] prior § 2255 motions to vacate." *Truss v. Davis*, 115 F. App'x 772, 774 (2004). Finley clearly had "meaningful time to incorporate" any *Mathis* argument into his § 2255 filings. *See Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016). Finley, facing the burden, failed to show that the § 2255 remedy was inadequate as to his current claims. *See id.* at 594.

The "circumstances in which § 2255 is inadequate and ineffective are narrow." *Id.* (citation and quotation marks omitted). As the Sixth Circuit has "cautioned," prior denials, procedural bars, and successive filing hurdles are not such circumstances. *Id.* Finley had his shot and presented this precise claim on § 2255 review. The fact that the sentencing court rejected the argument does not mean that court's review was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] The statutory text confirms that § 2255 inadequacy is separate from relief

---

[5] Notably, per the Government's brief at the sentencing court, Finley failed "to explain how this claim is timely, and he cite[d] to no authority establishing that this otherwise untimely argument

5

denial. *Id.* (Courts shall not entertain § 2241 petitions if the sentencing court has denied relief "unless it **also** appears that the" § 2255 remedy is inadequate.) (emphasis added). This makes logical and legal sense. For example, a prisoner who seeks § 2255 relief pursuant to a newly recognized retroactively applicable right receives a fresh one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(3). In short, § 2255 ensures its adequacy as a remedy in the overwhelming majority of circumstances with built-in loopholes through its own procedural walls. In other circumstances, the Supreme Court has authorized relief from § 2255 procedural bars upon a showing of actual innocence. *Herrera v. Collins*, 113 S. Ct. 853, 862 (1993) ("This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.").

Section 2255 is thus the typical remedy for a sentence challenge; Finley in fact made and lost such a challenge. Finley's problem is not that § 2255 does not allow consideration of claims based on newly recognized retroactively applicable rights, rather the sentencing court found that the newly recognized right that Finley relied on was not applicable to his case, that the statute of limitations barred his claim, and that Finley's agreed waiver of collateral attack rights applied. Stated otherwise, it was Finley's claim, not the § 2255 remedy, that was inadequate. The narrow § 2241 remedy, via the savings clause, allows consideration of a sentence challenge only where the *Hill* conditions exist. They do not here because Finley was able to present the precise claim presented here without jumping a successive § 2255 hoop. *Hill*, 836 F.3d at 595 ("When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of

---

can be considered now." *Finley II*, ECF No. 19 at 7. Thus, Finley did not test whether a timeliness exception under § 2255 might have preserved the substantive merits.

statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and" (3) a sufficiently grave error.). Thus, the *Mathis* challenge is not here cognizable on § 2241 review.[6]

For all these reasons and under the applicable standards, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 1; and

2. The Court will enter a separate Judgment striking the matter from the active docket.

This 20th day of May, 2019.

Signed By:
*Robert E. Wier*
United States District Judge

---

[6] And, of course, Finley is not an incarcerated innocent. The negotiated plea deal allowed him to avoid a mandatory life term, driven by the prior drug felonies. His complaint over career offender status is a waived attack on application of the Guidelines, and not, here, a veritable miscarriage of justice.